This action was instituted by Arthur Rennick against George Schultz. The plaintiff averred in his complaint that in December, 1918, as the result of the defendant's negligence, he received severe bodily injuries, involving the spine, hips and legs. The facts constituting the negligence are averred in detail. He further averred that, as a result of his injuries, his nervous system was greatly and permanently impaired; that he was excessively nervous and unable to sleep; that he suffered great bodily pain and mental anguish; that his body became weakened and emaciated and his mind weakened.
The complaint then proceeds: *Page 608 
"While the plaintiff was still suffering, both mentally and physically, as a result of said injuries, the defendant, with the fraudulent purpose and intent to cheat, defraud and deceive the plaintiff, and intending that the plaintiff should rely and act thereon, falsely, fraudulently and deceitfully represented to the plaintiff, in the manner following, certain matters and things touching and pertaining to his injuries, * * * as follows:
"On April 11, 1919, at eight o'clock p.m., one Chalmers Shultz called the plaintiff, who at that time was at his home in Newtown, and requested that the plaintiff come to the Newtown bank. In response to said request, the plaintiff went to the bank, unaccompanied and alone, and found there awaiting him the defendant George Shultz, Chalmers Shultz, a cousin of the defendant, and Joseph Stahl, an attorney-at-law, who was then and there acting as attorney for and on behalf of said George Shultz, in effecting a settlement as hereinafter alleged. That defendant then and there stated to the plaintiff that he desired to compromise and make settlement with the plaintiff for his said injuries. The defendant falsely and fraudulently, with intent to deceive, stated to the plaintiff that the defendant had information directly from the doctors who had treated him for his injuries to the effect that $250 was a good settlement in the light of the injuries sustained by the plaintiff. Joseph Stahl, attorney as aforesaid, for and on behalf of the defendant, and in the defendant's presence, falsely and fraudulently represented to the plaintiff that Stahl was then and there of the opinion that $300 was all that could possibly be recovered by the plaintiff, both as a matter of fact and as a matter of law; and further represented that the doctors had made statements supporting his alleged opinion, in the presence of Thomas Shultz and Edward Shultz, *Page 609 
brothers of the defendant; and that Stahl was further of the opinion that it would be useless for the doctors to deny having made the statements. In truth and in fact, the alleged opinion was not the true opinion of Stahl at that time, and he falsely and fraudulently misrepresented what his opinion then and there was, and, in truth and in fact, he well knew, and was of the opinion, at that time, that the plaintiff was entitled to recover a much larger sum than the sum named; and Stahl falsely and fraudulently misrepresented as to the statements of the physicians as aforesaid, and he well knew that his representations were untrue and that the physicians had never at any time made such statements to the persons named. Stahl further fraudulently misrepresented the opinion he then and there held as to whether it would avail the physicians anything to deny and dispute the statement as to what they had said, since he well knew, and was of the opinion at that time, that it would not be useless for the doctors to deny having made the statement. Stahl misrepresented, as aforesaid, what his opinion then and there was with reference to the matters referred to by him, as he well knew; and his opinion, as represented by him at said time, was not, in fact, the opinion then and there held by him with reference to the plaintiff's injuries and his recovery of and from the defendant. Stahl stated to the plaintiff, in the presence of the defendant, on said occasion, that it was the defendant's intention, then and there held by the defendant, to pay to the plaintiff voluntarily an additional sum of money, from time to time thereafter as the plaintiff should need the money, notwithstanding the settlement proposed to be made, in case it developed thereafter that his injuries were permanent and left the plaintiff incapacitated to engage in his usual vocation. But such *Page 610 
representation as to the intention of the defendant, then and there existing on the part of the defendant, was false and untrue, and was fraudulently and deceitfully made, as Stahl and the defendant then and there well knew, for the purpose of misleading the plaintiff and causing and inducing him to enter into a settlement. Stahl and the defendant knew, at said time, that the defendant did not then and there have any intention of doing anything for the plaintiff or of assisting him financially or otherwise in the future, voluntarily or in any manner; but falsely and fraudulently, as aforesaid, made said representations as to the defendant's attitude and intentions at said time, for the purpose aforesaid, and thereby caused the plaintiff to enter into a settlement.
"The defendant, and the others aforesaid, represented to and assured the plaintiff that they were his friends and that they had his interest at heart; and they advised and insisted upon his making the settlement without further delay, notwithstanding that the statements made as aforesaid were false and untrue, as the defendant and the others aforesaid at the time well knew.
"The plaintiff had theretofore, from time to time, been in the employ of the defendant, doing general farm work, and had great confidence in the defendant and in his honor and integrity; and without knowledge of the truth or falsity of said statements and representations made by the defendant and others aforesaid, for him and in his presence, the plaintiff believed them, and each of them, to be true. The plaintiff relied upon said false, fraudulent and deceitful representations, so made as aforesaid; and, induced thereby, the plaintiff then and there entered into an agreement of settlement and compromise with the defendant at and for the sum of $300. Said sum was wholly insufficient as a compromise *Page 611 
settlement for the injuries sustained by the plaintiff; and by reason of the compromise and settlement, induced as aforesaid, the plaintiff has been damaged in the sum of ten thousand dollars."
The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The particular objections to the complaint as stated in the memorandum are as follows: (1) There is no averment of "payment or tender back to defendant, the $300 sum paid plaintiff by defendant"; (2) there is no averment "disclosing a restoration of the statu quo, between the parties, but the action is upon the original alleged liability." (3) The complaint ignores the compromise agreement and proceeds on the assertion of the plaintiff's original rights, as if the contract had not been made, without disaffirming the same and restoring or offering to restore what plaintiff received. (4) The complaint does not allege misrepresentations of fact by the defendant with reference to plaintiff's recovery, but a mere expression of opinion or judgment. (5) "The representations alleged in the complaint relate to what would occur in the future and as to what would be done in the future, and neither do they relate to a present or past state of facts; but the representations were nothing more than the expression of an opinion as to what the future physical condition of the defendant would be." (6) "It means of knowledge was not equal between the plaintiff relied upon misrepresentations, and it is not alleged the means of knowledge was not equal between the plaintiff and defendant."
The demurrer was overruled. The defendant filed an answer of general denial. The trial resulted in a verdict for the plaintiff in the sum of $1,000. The defendant filed a motion to arrest judgment on the ground that the complaint does not state facts sufficient to constitute *Page 612 
a cause of action. The motion was overruled and judgment was rendered on the verdict.
The assignment of errors challenges (1) the ruling on the demurrer; and (2) on the motion to arrest.
The transcript contains the complaint, the demurrer, the answer, the verdict, the motion, the rulings on the demurrer and motion, and the judgment. Everything else has been omitted.
We are of the opinion that, as against the objections stated in the memorandum, the complaint is good. Rochester Bridge Co. v. McNeill (1919), 188 Ind. 432; Bailey v. London
1-4. Guarantee, etc., Co. (1918), 72 Ind. App. 84. The court did not err in overruling the motion to arrest judgment.
The judgment is affirmed